IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY ALLEN HAROLD, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LAUREN, LPN MTA, et al., )<br>    Defendants. ) | Case No. 7:23-cv-00363<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Ricky Allen Harold, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against three nurses employed at the Rockingham-Harrisonburg Regional Jail. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim against the defendants.

### I.   Background

Harold alleges that he saw Nurse Mary on June 9, 2023, and that she did not change her gloves. Am. Compl., ECF No. 10, at 2. He alleges that three days later, on June 12, 2023, "Nurse Dee had the same gloves on after seeing 5 people prior [to Harold]." Id. That same day, Harold reportedly had a "verbal confrontation" with Nurse Lauren. Id.

### II.   Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

The court construes the amended complaint as attempting to assert claims of deliberate indifference to a serious medical need. The constitutional standard that applies to claims of

deliberate indifference depends on whether Harold was a convicted prisoner or a pretrial detainee at the time of the incidents at issue. A convicted prisoner's claim of deliberate indifference is brought pursuant to the Eighth Amendment's prohibition of cruel and unusual punishment, while a pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. Stevens v. Holler, 68 F.4th 921, 930–31 (4th Cir. 2023).

"An Eighth Amendment claim for deliberate indifference to serious medical needs includes objective and subjective elements." Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021). The plaintiff must plausibly allege that the defendant "acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The subjective component of deliberate indifference "requires that the official have 'had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.'" Mays, 992 F.3d at 300 (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)). "That is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Jackson, 775 F.3d at 178.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (internal quotation marks and citation omitted). In Kingsley, the Supreme Court held

3

that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." Id. at 397. The United States Court of Appeals for the Fourth Circuit recently concluded that "Kingsley's objective standard extends not just to excessive force claims; it applies equally to deliberate indifference claims." Short v. Hartman, 87 F.4th 593, 606 (4th Cir. 2023). Consequently, a pretrial detainee "no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. at 611. Instead, "it is sufficient that the plaintiff show that the defendant's action or inaction was, in Kingsley's words, 'objectively unreasonable,' 576 U.S. at 397: that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly." Id. The Fourth Circuit also made clear that "it is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611–12. "Negligence was not enough before, Stevens, 68 F.4th at 931, and it is not enough now." Id. at 612.

Applying these principles, the court concludes that Harold's amended complaint fails to state a cognizable claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. Although he alleges that Nurse Mary and Nurse Dee failed to change their gloves on two separate occasions, his amended complaint does not describe the medical services provided by the nurses or otherwise include any facts from which the court could reasonably infer that Harold "had a medical condition or injury that posed a substantial risk of serious harm." Id. at 611. Likewise, without additional factual content, the allegations in the amended complaint do not provide a plausible basis to conclude that Harold suffered any harm as a result of the nurses' actions or that the nurses "consciously disregarded the risk that their

4

action or failure to act would result in harm" or "knew or should have known . . . that [their] action or inaction posed an unjustifiably high risk of harm." Id. Consequently, the amended complaint fails to state an Eighth or Fourteenth Amendment claim of deliberate indifference against Nurse Mary or Nurse Dee.

The amended complaint also fails to state a cognizable claim against Nurse Lauren. Harold alleges that he had a verbal altercation with Nurse Lauren after the other nurses failed to change their gloves. While Harold provides no further details regarding the altercation, "mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." Wilson v. McKeller, 254 F. App'x 960, 961 (4th Cir. 2007). Moreover, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. Thus, to the extent that Harold seeks to hold Nurse Lauren responsible for the actions or inactions of subordinate employees, "mere knowledge" of allegedly unconstitutional conduct on the part of subordinates is "not enough" to state a plausible claim for relief under § 1983. King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (internal quotation marks and citation omitted).

## IV. Conclusion

For the foregoing reasons, the court concludes that Harold's amended complaint is subject to dismissal for failure to state a claim against the defendants. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file a second amended complaint within thirty days. An appropriate order will be entered.

Entered: January 11, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.11 17:35:50
-05'00'

Michael F. Urbanski
Chief United States District Judge

5